# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | | |
|---|---|---|
| JOLENE ANN TARANTO,<br><br>Plaintiff,<br><br>v.<br><br>MISSOURI STATE HIGHWAY PATROL,<br>ISAAC KIMBALL,<br>WOOD HEIGHTS POLICE DEPARTMENT,<br>RAY COUNTY COURT,<br>HON. J. BARTLEY SPEAR, JR.,<br>COLE NOBLE,<br>BRANDON EHLEN,<br>RAY COUNTY, MISSOURI, and<br>STATE OF MISSOURI,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-CV-00694-DGK |

## ORDER GRANTING MOTIONS TO DISMISS

This lawsuit arises out of pro se Plaintiff Jolene Taranto's arrest on two occasions for failure to have a driver's license and vehicle registration. Plaintiff alleges Defendants could not arrest her for failing to acquire a driver's license or register her car, and they violated her Fourth Amendment rights by doing so. She filed this lawsuit in the Circuit Court of Jackson County, Missouri, and Defendants removed it to this Court.

Now before the Court are Defendants Missouri State Highway Patrol ("MSHP") and the State of Missouri's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, ECF No. 13; and Trooper Isaac Kimball's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim, ECF No. 15. Because Plaintiff's lawsuit is premised on a variety of misguided and incorrect "sovereign citizen" style legal claims, the motions are GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE against these Defendants.

## Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Factual Background

Viewed in the light most favorable to Plaintiff, the Complaint alleges that on November 6, 2024, Plaintiff returned the registered license plates for her automobile and voluntarily surrendered her driver's license to the Missouri Department of Motor Vehicles.

On July 4, 2025, Missouri State Highway Patrol Trooper Isaac Kimball stopped Plaintiff while she was driving her car with no license plates and arrested her for operating a motor vehicle without a valid driver's license or current registration.

On April 5, 2026, an unidentified Missouri State Highway Patrol trooper arrested Plaintiff on a warrant related to her arrest on July 4, 2025. The arrest warrant was apparently issued by the Hon. J. Bartley Spear, Jr.

On April 9, 2026, Wood Heights Police Department Officers Cole Noble and Brandon Ehlen stopped and detained Plaintiff was she was driving her car with no vehicle registration, "among other things," and impounded her automobile. Plaintiff had to register her automobile as a condition precedent to retrieving it from the impound lot.

On May 15, 2026,[1] "Plaintiff was detained and imprisoned and another warrant was issued by the Hon. J. Bartley Spear, Jr." Compl. ¶ 10, ECF No. 1-2.

Plaintiff contends that the act of requiring vehicle registration and driver licensing violates her "Fourth Amendment right to privacy" because such information is maintained in a database accessible to law enforcement. *Id.* ¶ 11. She also alleges Defendants do not "possess authority to force Plaintiff to waive certain [privacy] rights by acquiring a driver's license." *Id.* ¶ 12. She further alleges that, because of Defendants' "collective actions," she was unlawfully arrested, detained, and falsely imprisoned, as well as "forced to waive [privacy] rights under threat of loss of liberty and property." *Id.* ¶¶ 12–13.

Relevant to the pending motions, Plaintiff names both MSHP and the State of Missouri as defendants, but the Complaint contains no factual allegations describing any conduct undertaken by the State of Missouri itself. Likewise, the Complaint contains no factual allegations that MSHP personally participated in any conduct involving Plaintiff apart from Trooper Kimball's traffic stop, nor does it identify any MSHP or State policy or directive that affected Plaintiff, other than enforcing state laws requiring cars to be registered, have license plates, and drivers to have a valid driver's license.

[1] The Complaint states "2025" as the year, but this appears to be a typographical error. Construing the Complaint liberally and drawing all facts in Plaintiff's favor, the Court reads the Complaint as alleging Judge Spear issued the warrant on May 15, 2026.

## Discussion

Defendants Trooper Kimball, MSHP, and the State of Missouri correctly argue they have official immunity and qualified immunity for any claims arising under 42 U.S.C. § 1983 as well as any state-tort claims arising from these facts.

In response, Plaintiff filed two briefs which assert a variety of conclusory legal nonsense, arguing among other things that: Plaintiff cannot be arrested for traffic violations because they are neither misdemeanors nor felonies under Missouri law; Rule 12(b)(6) is invalid because it overrides a right to a jury trial that existed at the time the Bill of Rights was ratified; and she was not operating a "motor vehicle" (which is "a conveyance engaged in regulated, commercial, or statutorily defined activity) but a "private automobile used solely for personal travel" which "does not fall within that definition." Pl.'s Obj. to Def. Kimball's Mot. to Dismiss at 3, ECF No. 19; Pl.'s Obj. to Defs.' MSHP and State of Missouri's Mot. to Dismiss at 5–6, ECF No. 20. Courts have repeatedly rejected such arguments as frivolous. *See, e.g.*, *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. April 7, 2021) (collecting cases and rejecting as frivolous the complaint's premise that a state statute requiring an operator's license in order to drive a vehicle does not apply to him, noting this was a common "sovereign citizen" claim).

Defendants' arguments are correct and Plaintiff's arguments are unavailing. Accordingly, the motions to dismiss are GRANTED.

Additionally, because Plaintiff's claims are premised on frivolous legal theories which no amount of re-pleading can rehabilitate, Plaintiff's claims are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date: November 17, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT